ANDREW JONES *vs.* B. F. BUTLER COÖPERATIVE BANK.

Middlesex.   October 20, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Coöperative Bank.   Contract,* What constitutes, Validity.

An application to a coöperative bank for a loan of $2,000, which is approved by its security committee for $1,000 only, does not furnish foundation for a legal agreement by the bank to lend the applicant $2,000.

The provisions of G. L. c. 170, § 25, that no loan shall be made by a coöperative bank upon real estate unless a "written report thereon shall be made by at least two members of the security committee, signed by them, approving the security offered and certifying to the value of the property according to their best judgment," is mandatory and cannot be waived; no contract to lend money made by a coöperative bank without the approval of the security committee in writing can be enforced or made the foundation of an action for damages against the bank.

Even if the treasurer of a coöperative bank in refusing to pay money to one, who has executed a note to the bank and a mortgage which has just been recorded, gives as his reason for refusal that the borrower would not buy lumber from a member of the security committee, the borrower cannot maintain an action of contract against the bank where it appears that the loan had not been approved by the security committee as required by G. L. c. 170, § 25.

CONTRACT, with a declaration in which the plaintiff alleged that "the defendant on May 10, 1920, entered into an agreement with him and agreed to pay and advance to him, certain money from time to time, for the purchase of goods and materials as needed by the defendant [*sic*] in the erection of a wooden frame dwelling house, by the plaintiff, in said Lowell; that the plaintiff started to erect said building and

when said building had been partly erected requested money from the defendant, as per its agreement with the plaintiff, to continue the erection of said building, but the defendant refused to carry out its agreement and refused to pay any money to the plaintiff upon request and has continued such refusal, whereby the plaintiff was unable to erect said building and has been thereby greatly damaged by the refusal of the defendant to carry out its contract." Writ dated December 5, 1921.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved for a verdict in its favor. The motion was denied. The defendant then asked for rulings, among which was the following:

8. The plaintiff cannot recover, because a written report on his application was not made by at least two members of the security committee of the defendant, as provided by G. L. c. 170, § 25.

The ruling was refused. There was a verdict for the plaintiff in the sum of $1,532.32. The defendant alleged exceptions.

*M. G. Rogers*, (*F. M. Qua* with him,) for the defendant.

*D. J. Donahue & S. L. Solomont*, for the plaintiff, submitted a brief.

CARROLL, J. This is an action of contract for damages for a breach of contract by the defendant, a coöperative bank, to lend money to the plaintiff. There was a verdict for the plaintiff. There was evidence that the plaintiff made application in writing on May 10, 1920, to the defendant for a loan of $2,000 "on ten shares of the capital stock of the Corporation," and as further security offered to execute a mortgage on the real estate described in the application. The report of the security committee of the defendant bank, which appeared on the application, stated: "We have made an examination of the property described in the within application of Andrew C. Jones for a loan of ...... Dollars, and find the statements made by the applicant to be substantially correct, and we are of the opinion that the Corporation can safely loan upon the premises the sum of one thousand

Dollars to be advanced as follows: $300 to be advanced now. Balance as construction is advanced. Estimated value of the property now $2,000 when finished $3,500.00." This application "was creased twice and on its back and on its middle fold" this statement appeared:

"APPLICATION FOR LOAN
B. F. Butler

CO-OPERATIVE BANK,
of Lowell, Mass.
1000
Loan, $2000 ($1000 to be paid now)
Dated, May 10, 1920
To Andrew C. Jones
Property Located at 70 Carmine St., So. Lowell
Shares transferred as Collateral Security

| Shares | Series |
|--------|--------|
| 5 | 63" |

The figures "$1000" above the figures "$2000" were written in lead pencil. The figures "$2000" were written in ink with a lead pencil line drawn through them. $1,000 was paid to the plaintiff on this application.

The plaintiff again, on July 8, 1920, made application for a loan of $1,000, offering as security five shares of the capital stock of the corporation and a mortgage on the land in question. There was no written approval of this application by the security committee. The plaintiff testified that when this last mentioned application was signed, he saw the defendant's treasurer, and later saw the attorney for the defendant and executed a mortgage to the bank, together with a note for $1,000. This mortgage was duly recorded. Nothing has ever been paid on this mortgage; it has never been discharged, and the plaintiff has not requested that it be discharged. The plaintiff further testified that after the execution of said mortgage, he saw the defendant's treasurer and requested that the bank advance him $1,000; that the treasurer asked him to buy the "lumber he wanted" from one of the members of the security committee; that on the plaintiff refusing to accede to this request the treasurer said,

"You will not get another, dollar until you take lumber off Mr. Abbott." There was evidence contradicting the plaintiff's testimony.

G. L. c. 170, § 25, enacts that no loan shall be made by a coöperative bank upon real estate unless a "written report thereon shall be made by at least two members of the security committee, signed by them, approving the security offered and certifying to the value of the property according to their best judgment." There could be no loan to the plaintiff until this provision of the statute was complied with. The application of May 10 for the loan of $2,000 was approved by the security committee for $1,000 only, and the plaintiff received this amount. There is no foundation for the plaintiff's contention that there was any legal agreement to lend him $2,000 when the report of the security committee shows that the application was not approved for that amount. This fact is not controverted by the circumstance that the application had indorsed upon it the statements already referred to.

No approval in writing was given by the security committee, as required by law, to the application of the plaintiff on July 8, 1920. The plaintiff, it appeared, executed a mortgage relying on this application, and the statements made to him by the treasurer of the bank. But the treasurer could not waive the express provision of the statute regulating the conduct of the bank. This provision is mandatory. It was made to protect the depositors, it restricted the powers of the treasurer and the officers of the bank; and a contract to lend money, made by a coöperative bank without the approval of the security committee in writing, cannot be enforced or made the foundation of an action for damages. *Gilson* v. *Cambridge Savings Bank*, 180 Mass. 444. *Greenfield Savings Bank* v. *Abercrombie*, 211 Mass. 252, 258.

Even if the contention of the plaintiff, that the money was withheld from him because he would not buy lumber from a member of the security committee, were true, he had no enforceable contract with the defendant. The statute, G. L. c. 170, § 38, imposes a fine upon the corporation and anyone acting for it, who asks for or receives a

"fee, brokerage, commission, gift or other consideration for or on account of a loan"; and even if a corrupt and illegal condition prevented the obtaining of the loan, this would not give the plaintiff a cause of action against the bank for failure to make the loan. The money could not be lent to the plaintiff until the application was approved according to the statute; failing in this, the plaintiff cannot recover.

As the plaintiff has no remedy against the defendant, we do not think it necessary to discuss the other reasons urged by the defendant against the plaintiff's right to recover.

The defendant's motion for a directed verdict should have been granted.

*Exceptions sustained.*

*Judgment to be entered for the defendant.*