RAPHAEL A. A. COMPARONE vs. THERESA MIXON.

Essex. January 26, 1927. — March 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Contract,* Construction, Performance and breach, Sale of real estate.

A contract in writing to purchase real estate for $10,300 was upon the following terms: the plaintiff was to pay $100 in cash "to bind the bargain, twenty-nine hundred dollars to be paid in cash upon the delivery of a good and sufficient quit-claim deed of the granted premises, the seller is to take a second mortgage subject to such a first mortgage as the purchaser can raise on the same . . . . Said conveyance is to be . . . free and clear of all incumbrances." At the time of the making of the contract there was a mortgage for $2,500 upon the premises. The purchaser procured approval by a bank to lend $5,000 upon a first mortgage on the premises, paid the seller $100, tendered $2,900 in cash and offered to deliver to him a mortgage of $4,800 which was to be subject to the first mortgage of $5,000 to the bank. *Held,* that

(1) The tender by the purchaser did not satisfy the requirements of the contract;

(2) It was an implied condition of the contract that, before the new first mortgage could be placed, the existing first mortgage would be discharged, which would require a payment of $2,500 for the defendant's benefit;

(3) The amount of the second mortgage was to be the difference between the $3,000, specified cash payments, plus the amount to be raised by the first mortgage, and the entire purchase price;

(4) The plaintiff should have discharged the first mortgage, paid in cash $5,500, and given a note secured by a second mortgage in the sum of $2,300.

CONTRACT. Writ dated May 23, 1923.

In the Superior Court, the action was tried before *Gray,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination.

The case was submitted on briefs.

*R. A. A. Comparone, pro se.*

*W. T. Rochefort,* for the defendant.

RUGG, C.J. This is an action of contract to recover damages for an alleged breach of a written agreement whereby the plaintiff was to buy and the defendant to sell certain

real estate. The price specified in the agreement was $10,300. The terms of payment were $100 in cash "to bind the bargain, twenty-nine hundred dollars to be paid in cash upon the delivery of a good and sufficient quit-claim deed of the granted premises, the seller is to take a second mortgage subject to such a first mortgage as the purchaser can raise on the same, . . . . Said conveyance is to be made on or before May 14th, 1923, as the purchaser may desire, free and clear of all incumbrances." At the trial it was agreed that at the time of the execution of the agreement there was a mortgage upon the real estate for $2,500 to some unnamed bank. There was evidence tending to show "that the plaintiff had applied to the Broadway Savings Bank for a mortgage loan upon the premises to be conveyed and that a loan of $5,000 to be placed thereon had been approved; . . . that the plaintiff paid the sum of $100 to the defendant on the execution of said agreement, and that on or before May 14, 1923, the plaintiff tendered to the defendant the sum of $2,900 in cash; that he offered to deliver to her a note secured by a mortgage on the said premises for the sum of $4,800, which was to be subject to the mortgage of the Broadway Savings Bank for $5,000, which second mortgage was to be in payment of the balance of the purchase price. The tender and offer aforesaid she refused, claiming that he should pay her in cash the further sum of $2,500 and that he should execute to her a note secured by a mortgage upon the said premises for the sum of $2,300."

Although the agreement did not by express words declare that the amount of such first mortgage as the purchaser could raise on the land should be paid to or for the benefit of the seller, such a stipulation is implied. The price of the land "free and clear of all incumbrances" was $10,300. If the seller was to remove the preëxisting first bank mortgage for $2,500, she was entitled to payment of that sum from the buyer either to herself directly, or to the bank holding the same to the end that such mortgage might be discharged and thus the land be freed from encumbrances. Hence, manifestly the amount of the preëxisting bank mortgage of $2,500 must be paid by the buyer in one or the other of these two

ways.   It is inferable, both from known customs of business and from the implications of the evidence, that this payment was expected to be made out of the amount raised on the new first mortgage negotiated by the buyer.   Such payment, in whichever way made, was for the benefit of the seller.   The tender of the second mortgage for $4,800 by the buyer to the seller shows that he interpreted the agreement to mean this. There is nothing in the written contract to indicate that the balance of the amount to be raised by the purchaser on the new first mortgage should not also be paid to the seller as part of the purchase price.   The seller was to receive in part payment of the purchase price a second mortgage "subject to such first mortgage as the purchaser can raise."   In their context these words mean that the amount of the second mortgage was to be for that part of the purchase price, constituting the difference between the total purchase price and the $3,000 to be paid in cash plus the entire amount of the first mortgage to be negotiated by the buyer.   It would have been simple to say that the amount of the second mortgage was to be the difference between the existing first mortgage for $2,500 and the cash specified to be paid, if that had been the purpose of the parties.   That would be a fixed amount regardless of the amount of "such a first mortgage as the purchaser can raise."   That is not what the agreement says.   While the words used in the agreement are not so clear that he who runs may read without possibility of doubt, yet, having regard to words used, their context, the other language employed, and the transaction itself, the interpretation sought to be placed on them by the plaintiff is fallacious and the contention of the defendant is sound.

The direction of a verdict for the defendant was right. In accordance with the terms of the report, the entry may be

*Judgment for the defendant.*