CHARLES E. OLSON *vs.* LOUIS V. SISSENWINE & another.

Suffolk.    January 12, 1927. — April 4, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* Construction, Validity, For sale of real estate. *Equity Jurisdiction,* Specific performance. *Equity Pleading and Practice,* Findings by trial judge. *Fraud. Coöperative Bank. Words,* "Bank."

A contract in writing for the sale of two parcels of real estate at the price of $30,000 provided that the purchaser should be allowed "to place a new first mortgage on each estate, with any bank, for the highest amount possible," and, out of the proceeds, to pay the seller $14,900 in cash "in addition to the deposit" of $100 already made, and that the balance of the purchase price was to be paid in the form of two notes of $7,500 each, "signed by the buyer or any person, or persons whom he may designate," and secured by second mortgages on the property. The purchaser arranged with a coöperative bank for a loan of $16,000, to be secured by a first mortgage for $8,000 on each parcel, the mortgagor in one to be himself and in the other his son, and was prepared to pay the seller from the amount thus obtained $14,900 in cash, and also was ready to give him notes for the amounts stated in the agreement, one executed by himself and one by his son and each secured by a second mortgage. The seller refused to accept such tender of performance and the purchaser sought to enforce specific performance by a suit in equity. At the hearing the evidence was reported. The judge found that the sum which the bank agreed to lend was not an unreasonable amount and that the use of the shares did not enable the plaintiff to take any advantage of the situation or to raise an amount on a first mortgage which was excessive. From a decree for the plaintiff, the defendant appealed. *Held,* that

(1) The parties must be held to have included a coöperative bank in the words "any bank";

(2) A finding by the judge, that the contract was not procured through fraud or mistake, was warranted;

(3) The contract could not be construed as limiting the total amount of mortgage encumbrance to be placed on the property to a sum not in excess of the purchase price;

(4) Since the agreement contemplated that the two notes to be secured by the second mortgages might be signed by the buyer or by any other person, it could not be said that the plaintiff did not perform the contract in substantial compliance with its terms because of the fact that his son was to execute the mortgages on one of the estates, even if it be true that the coöperative bank could not have loaned to one person the amount secured by both first mortgages;

(5) It could not be said that the judge failed to exercise a sound discretion in causing the entry of a decree for specific performance.

BILL IN EQUITY, filed in the Superior Court on March 19, 1926, for specific performance of a contract in writing, described in the opinion.

In the Superior Court, the suit was heard by *Morton,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926) to take the evidence. Material facts are stated in the opinion. By order of the judge, a final decree was entered directing delivery of deeds of the premises, free from all encumbrances, by the defendants to the plaintiff and also directing: "The grantee named in said deeds shall be said plaintiff, or any person or persons whom he may by written notice to the respondent given not less than five days before the date set for the conveyances, appoint. At the time of the delivery of said deeds the said plaintiff shall pay over to the defendant Louis V. Sissenwine the sum of $14,900 in cash to be raised as hereinafter provided, and shall also cause to be delivered to said defendant Louis V. Sissenwine two promissory notes each in the sum of $7,500 made by the grantee or grantees named in said deeds, each such note to be secured by usual form power of sale mortgage to the defendant Louis V. Sissenwine to be executed one on each of the two estates comprising the premises to be conveyed, and each mortgage to convey a clear title to each such estate free from all incumbrances excepting a Massachusetts Co-operative Bank mortgage securing the sum of $8,000 in usual coöperative bank form, said mortgages to be first mortgages one on each estate, viz., securing a total of $16,000 on both estates and to be executed by the grantee named in said deeds. And the defendants shall permit said mortgages to be executed for the purpose aforesaid, said defendants to receive out of said sum of $16,000 to be raised on said first mortgages the said sum of $14,900 and the plaintiff or his nominee may retain the balance, and at the time of such conveyance, rents of said premises, taxes assessed thereon and water rates shall be apportioned as of the execution and delivery of said deeds."

The defendant appealed, and in this court contended that the buyer's conduct amounted to a fraud; that the performance tendered differed from that required by the contract,

in that the agreement did not contemplate encumbrances in excess of $30,000, and the agreement did not contemplate a coöperative bank mortgage, particularly since that is a mortgage not exclusively secured by real estate; and that, if the performance tendered by the buyer was technically within the terms of the contract, the contract was so harsh that equity would not require specific performance.

*J. J. Kaplan*, (*B. A. Trustman & B. F. Pollack* with him,) for the defendants.

*N. Quint*, for the plaintiff, submitted the case without argument or brief.

SANDERSON, J.   This is a bill for specific performance of an agreement to convey two parcels of real estate.   The purchase price was $30,000, and the agreement contained a clause to the effect that the plaintiff, who was the vendee, should be allowed "to place a new first mortgage on each estate, with any bank, for the highest amount possible," and, out of the proceeds, to pay the defendants $14,900 in cash "in addition to the deposit" of $100 already made. The balance was to be paid in the form of two notes of $7,500 each, "signed by the buyer, or any person, or persons whom he may designate" and secured by second mortgages on the property.   The plaintiff arranged with a coöperative bank for a loan of $16,000, to be secured by a first mortgage for $8,000 on each parcel, and was. prepared to pay the defendants, from the amount thus obtained, $14,900 in cash and also was ready to give them notes secured by second mortgages for the amounts stated in the agreement.   The defendants contend that the plaintiff has not complied with the terms of the agreement, because the loan was to be made by a coöperative bank, which requires the mortgagor to subscribe for and pledge to the bank a certain number of shares of its own issue as collateral security for the performance of the condition of the note and mortgage, G. L. c. 170, §§ 22, 23; and that the agreement did not contemplate a loan from a bank which receives as security such a pledge of shares in addition to the mortgage.

A coöperative bank is included in the term "bank" when that word is used in the chapter of General Laws on banking,

unless the context otherwise requires. G. L. c. 167, § 1. Borrowing from coöperative banks and securing the loan by mortgage on real estate is a matter of such frequent occurrence that the contracting parties would be presumed to have knowledge of it, and it must be held that, when making the agreement to place mortgages on real estate with "any bank," they intended to include coöperative banks, which by statute are expressly authorized to make loans so secured, and that they understood that, if loans were so obtained, the statutory requirements of subscribing for and pledging shares would be incidents of the transaction. G. L. c. 170, §§ 23, 26. The shares issued by such banks are to be paid for in the form of monthly dues. G. L. c. 170, § 13. The judge found that the sum which the bank agreed to lend was not an unreasonable amount and that the use of the shares did not enable the plaintiff to take any advantage of the situation or to raise an amount on a first mortgage which was excessive. If the parties had intended to restrict the plaintiff to savings banks in placing the loans, they naturally would have so stated. The fact, that the methods by which a coöperative bank transacts business are in many important features different from those adopted generally by other banking institutions, does not require us to reach the conclusion that it is not a bank within the meaning of the contract under consideration.

The findings by the judge that the evidence did not satisfy him that there was any mistake in omitting to state in the agreement that the first mortgages should not be in excess of $15,000 and that the evidence did not satisfy him that the plaintiff committed any fraud upon the defendants, we cannot say were wrong as matter of law either upon the admitted facts or upon the whole evidence. These findings are conclusive against the contentions of the defendants as to fraud. The judge found that Louis V. Sissenwine read the agreement and that there was nothing in the evidence to show that he did not fully understand what he was doing when he executed it.

The agreement contemplated that both first and second mortgages should be placed on each of the two estates sold, and specifically provided that the two notes to be secured

by the second mortgages might be signed by the buyer or by any other person. The agreement cannot be construed as limiting the total amount of these encumbrances to a sum not in excess of the purchase price, nor can it be said that the plaintiff did not perform the contract in substantial compliance with its terms because of the fact that his son was to execute the first mortgage on one of the estates, even if it be true that the coöperative bank could not have loaned to one person the amount secured by both first mortgages. G. L. c. 170, §§ 12, 26.

It could make no difference to the defendants under the agreement which they made whether the amount loaned on first mortgages is thus obtained from one coöperative bank or whether the plaintiff should accomplish the same result by borrowing from two.

No question such as was raised in *Comparone* v. *Mixon,* 258 Mass. 537, is here presented.

After considering all of the contentions of the defendants, we cannot say that upon the facts found the court failed to exercise a sound discretion in entering the decree for specific performance.

*Decree affirmed.*