LOWELL CO-OPERATIVE BANK *vs.* ACHELEAS DAFIS.

SAME *vs.* HARIKLEA DAFIS.

Middlesex.   April 9, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Mortgage*, Of real estate: coöperative bank mortgage.  *Coöperative Bank.*
    *Words*, "Borrower."

After the original borrower from a coöperative bank, upon a loan secured by a mortgage of real estate and a pledge of shares in the capital stock of the bank, has conveyed the land and transferred the pledged shares to the grantee on the books of the bank, so that the grantee has become the sole owner of the shares and a member of the corpo-

ration, the notice required by G. L. c. 170, § 32, as a condition precedent to the forfeiture of the shares, should be given by the bank to the grantee, the then owner of the shares, and is not required to be given to the original borrower, even though he remain liable on the note given by him to the bank.

TWO ACTIONS OF CONTRACT. Writs dated April 6, 1929.

The actions were tried together in the Superior Court before *Greenhalge,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff in each action in the sum of $3,361.60, and reported the actions for determination by this court, the parties stipulating that all the evidence taken should be regarded as true and that judgments should be entered for the defendants if the ordering of the verdicts were erroneous.

*P. H. Ready,* for the defendants.

*F. M. Qua,* for the plaintiff.

CARROLL, J. These are two actions of contract brought by the Lowell Co-operative Bank against Acheleas Dafis and his wife, Hariklia Dafis, as makers of a "joint and several promissory note" payable to the plaintiff. In the Superior Court in each case a verdict was directed for the plaintiff in the sum of $3,361.60, subject to the defendant's exception. The cases were then reported to this court.

In November, 1925, the bank made a real estate loan to the defendant Acheleas Dafis and both defendants executed the note therefor in the usual coöperative bank form secured by a mortgage of real estate owned by Acheleas Dafis, who will hereafter be referred to as the defendant. The mortgage contained the "Statutory Co-operative Bank Condition" and the "Statutory Co-operative Bank Power of Sale." The wife released her dower. The defendant, as further security for said note, took out thirty-three running shares in the ninety-third series of the capital stock of the bank, and in and by the mortgage pledged these shares to the plaintiff bank.

In January, 1927, the defendant conveyed the mortgaged premises to John Tsumas by a deed stating that the premises were subject to the mortgage, but containing no agreement by the grantee to assume or pay the same. On the

day following the date of the conveyance to Tsumas, the defendant went to the bank and transferred the thirty-three shares to Tsumas on the transfer book of the bank. Tsumas gave no note to the bank. Some one continued the payments until March, 1928. The pass book in the name of the defendant showed that a line was drawn through the name Acheleas Dafis, these words appearing, "Trans. John Tsumas."

On July 13, the payments being then more than four months in arrears, a vote was passed by the board of directors of the bank directing its treasurer to notify John Tsumas that "if he does not pay the sum due within twenty-one days after notice his shares will be forfeited and his mortgage foreclosed." On July 14, 1928, the treasurer sent such a notice to Tsumas. On August 17, 1928, a vote was passed declaring the thirty-three shares forfeited and directing the treasurer to foreclose the mortgage. On April 6, 1929, entry was made and the mortgage foreclosed by sale.

The plaintiff gave no notice to the defendant that the account was in arrears, but about ten days before April 6, 1929, he was told by the treasurer of the bank that Tsumas was in arrears and that the necessary votes to foreclose had been passed and as his (Dafis's) name was on the note if recovery was not had on the sale he would be held responsible. It appeared that a balance of $3,361.60 still remained unpaid on the loan.

The defendant contends that the plaintiff cannot recover because the notice to John Tsumas was not a notice to the "borrower" under G. L. c. 170, § 32. This statute is in these words: "If a borrower is in arrears for dues, interest, premium or fines for more than four months, or commits any other breach of the conditions of a mortgage, the directors may, after twenty-one days' notice, mailed to the last known address of the borrower, declare the shares forfeited if the arrears then remain unpaid or such breach continues. The account of such borrower shall then be debited with the arrears of interest, premium and fines to the date of forfeiture, and the shares shall be credited upon the loan

at their withdrawal value. The balance of the account shall immediately become due and payable, and may, and after six months shall, be enforced against the security, and be recovered, together with interest thereon, as all debts are recovered at law."

Coöperative banks may be organized under G. L. c. 170, § 2, for the purpose of accumulating the savings of the members in fixed periodical instalments and loaning such accumulations to the members. By § 26, when there is a loan on real estate a note is to be given, accompanied by a transfer and pledge of the requisite number of the bank shares and secured by a mortgage of real estate situated in this Commonwealth; and the note and mortgage must recite the number and series of the shares "and the amount of money advanced thereon." By § 32, if a borrower is in arrears, in order to collect the loan under the statutory proceedings, the shares must be forfeited on twenty-one days' notice if the arrears have been due for four months. The account of the borrower is to be then debited with the arrears and the shares credited on the loan at their withdrawal value. When this is done the balance of the account becomes payable and may, and after six months shall, be enforced against the security and recovered "as all debts are recovered at law." Under this section the plaintiff's right to recover in these actions depends upon the validity of the forfeiture of the shares, and the question for our decision on this branch of the case — that is, the right to recover the balance of the loan as provided in the statute — is in substance this: When the original borrower from a coöperative bank, on real estate security, conveys his title to the real estate and transfers his shares pledged for the loan to his grantee, so that the grantee becomes the sole owner of the shares and a member of the corporation, should the twenty-one days' notice, which the statute requires as a condition precedent to the forfeiture of the shares, be sent to the shareholder and actual owner of the shares which are to be forfeited, or must that notice be sent to the original borrower, although the original borrower is no longer a member of the bank or owner of the shares? In other words, should notice in this case have

been sent to Tsumas, the owner of the shares and the owner of the real estate, or should the notice have been sent to the defendant?

The answer to the question depends on the meaning of the word "borrower" as used in G. L. c. 170, § 32. In ascertaining the meaning of the word "borrower," the scope and purpose of the statute must be considered and the word construed according to the intent of the makers of the statute, in connection with the cause of its enactment, "the subject matter to which it applies, the pre-existing state of the common and statutory law, the mischief or imperfection to be remedied, and the main object to be accomplished." *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 374.

In our opinion the borrower to whom notice is to be given is the present owner of the shares, and not the original borrower who is no longer the owner. The notice concerns only the forfeiture of the shares, and this notice is of importance in an action to recover the balance of the loan, because under the provisions of the statute the shares must be forfeited before action can be brought for the balance of the loan. It is the owner's account that is to be debited with arrears and his shares that are to be credited on the loan. This construction of the word "borrower" as meaning the present owner is shown by the history of the statute. In the original coöperative bank statute, St. 1877, c. 224, § 13, these words, so far as material, appear: "The shares of all shareholders" in arrears for more than six months, "on thirty days notice to such defaulting shareholder, [shall] be declared forfeited." The notice, under this statute, was to be given to him who was the defaulting shareholder or member, and not to the original owner. By Pub. Sts. c. 117, § 15, it was enacted that the shares of a member in arrears more than six months shall, at the option of the directors, be forfeited if the member fails to pay "within thirty days after notice." And in § 16 provision was made that if a borrowing member was in default for six months, the amount to be credited "under the preceding section shall be applied as a payment upon the loan, and the balance . . . re-

covered . . . ." Section 16 of Pub. Sts. was rewritten by St. 1882, c. 251, § 1, and it was provided that "If a borrowing member is in arrears" for more than six months his shares could be forfeited "after one month's notice, if the arrears continue unpaid." In R. L. c. 114, § 18, the member who makes default is to have his shares forfeited "if the member fails to pay the arrears within thirty days after notice"; and provision is made in this section for a member who is not a borrower to receive out of the funds appropriated for withdrawals the balance so transferred. In the revision, St. 1912, c. 623, § 15, dealt with the procedure for the forfeiture of the shares of a nonborrower, while § 29, under the heading "Loans and Investments," considered the rights of a borrowing member as contrasted with a nonborrowing member and enacted that the shares of a borrower in arrears for more than four months shall be forfeited on twenty-one days' notice. G. L. c. 170, §§ 17, 32. As we construe these statutes we are of opinion that, while changes were made in the time of the default and the length of the notice required before forfeiture, it was not intended to deprive the member or actual owner of notice before forfeiture of his shares; that the word "borrower" was used in contrast with the word "non-borrower," and it was not intended to mean that the original borrower was entitled to notice of forfeiture of the shares when he was not their owner and had transferred them to another.

But one notice of forfeiture is required, and we do not think it was intended that this notice should be given to the original borrower who had transferred his shares, and no notice given to the one who actually owned them; the intent of the statute was that the actual owner or member should be notified before his shares were forfeited. Under G. L. c. 170, § 17, the defaulting nonborrower of unpledged shares is entitled to thirty days' notice of forfeiture and credit is to be given to the defaulting shareholder who shall be entitled to receive the money due. This notice is the same as the twenty-one days' notice under § 32, and is given for the same purpose and has reference solely to the forfeiture of the shares. That the word "borrower" means

the present owner of the shares is further shown by § 29 of the statute, which gives the borrower the right to have the withdrawal value of his shares credited to him. If the defendant's contention is accurate, then it would follow that the right applies solely to the original borrower even after he had parted with his shares, and the actual owner of the shares could obtain no benefit from this provision. This section also provides that the pass book is to be surrendered. In the case at bar the pass book was transferred to Tsumas, so that he, and not the original borrower, was the one intended to benefit by this section. Under § 33 provision is made for the accommodation of any borrower engaged in military service. Clearly it was not intended that this section should be limited to those who happen to be the original borrowers. It was a measure intended for the relief of the actual owner at the time.

The defendant argues that, because the words "heirs or assigns" follow the words "borrower or one of several joint borrowers" in § 29, it is to be inferred that, when in § 32 the word "borrower" is used without reference to assigns, the original borrower alone was intended. We do not agree with this contention. In fact in the same § 29, the word "borrower" is used in one part of this section without the addition "heirs or assigns."

We therefore are of opinion that the notice of forfeiture was properly sent to Tsumas, the owner of the shares; that upon forfeiture of the shares the balance of the loan became due and could be recovered in these actions.

The plaintiff contends that the actions may be regarded as simple actions of contract and that in such actions it may recover. We do not think it necessary to discuss this question, as in our opinion the plaintiff can recover the balance of the loan as such, and is entitled to hold its verdicts.

*Judgment to be entered for the plaintiff*
*on the verdicts.*