JOSEPH C. MORGANTI *vs.* STEPHEN R. CASEY.

Suffolk.    November 5, 1941. — February 25, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Limitations, Statute of.*

A ruling, at the trial of an action of contract, in substance that as a matter of law the evidence offered by the plaintiff concerning a certain payment by the defendant to the plaintiff within six years before the commencement of the action did not prevent operation of the statute of limitations, was not required where a finding was warranted that such payment was on account of the debt and was not a gift or advance.

CONTRACT. Writ in the Superior Court dated March 27, 1940.

The case was heard by *Baker, J.,* who found for the plaintiff in the sum of $926.29.

*G. A. McLaughlin,* for the defendant, submitted a brief.
*A. Sigel,* for the plaintiff.

DOLAN, J. This is an action of contract in which the plaintiff seeks to recover a balance alleged to be due him

on account of a deposit, made by him with the defendant under the terms of a contract in writing. The case was tried before a judge sitting without a jury, who found for the plaintiff; it now comes before us upon the defendant's exceptions to the refusal of the judge to make certain rulings in accordance with his request.

The evidence in its aspect most favorable to the plaintiff would have warranted the judge in finding the following facts. On June 5, 1929, the defendant, doing business with one Isabel under the name of the "Tylco Company," entered into a written contract for one year with the plaintiff, under the terms of which the plaintiff was given an exclusive agency to sell the products of the company in the New England States, and he agreed to sell at least two thousand units and to deposit $1,500 with the company and the company agreed to deliver to him merchandise of that value. If the plaintiff disposed of the two thousand units in the territory described within the year during which the contract was effective, he was to have the right to renew the contract annually for the territory described and for such other territories as "may be agreed upon." The plaintiff was to have a commission of thirty-seven per cent "on all merchandise billed to him from factory prices." The contract was conditioned upon the deposit of $1,500 by the plaintiff with the company, and upon his financing his own sales, but if he was unable so to do the company was to assist him in so doing at a charge of five per cent. Under the terms of the contract the plaintiff agreed to employ salesmen, to make preparations "to further sell, dispose of merchandise for the . . . Company during the year 1929, and 1930," and to have an office maintained by him as a representative of the company. This contract was signed by the company, by Stephen R. Casey, and by the plaintiff; and one of the witnesses thereto was Isabel.

In July, 1929, the plaintiff deposited $1,500, as provided in the contract, with the defendant. The company, which was owned by the defendant and Isabel, manufactured ornamental shelves made up of mirrors, tiles and wrought iron. The plaintiff opened an office, employed salesmen

whom the defendant interviewed, and made ready to sell the defendant's merchandise. He received an order for mirror brackets which he placed with the defendant, who failed to deliver them. After repeated demands for delivery the defendant told the plaintiff that they did not have the money to manufacture the order; that "the . . . $1,500 was used on experiments and on shelves; that the samples furnished to the plaintiff" had been sold by Isabel who kept the money. The "company" ceased to do business in October, 1929.

After an interchange of letters between the plaintiff and the defendant, as a result of a conversation with Isabel, the plaintiff saw the defendant in August or September, 1929, and asked him what he was going to do "about his money." The defendant told him that he need not worry, that when he (the defendant) "got back on his feet he would see that the plaintiff got every penny back."

In 1931, 1932, 1933 and 1934 the defendant paid the plaintiff sums of money totalling $622, the last payment, one of $5, having been made on June 14, 1934. The writ in the present action is dated March 27, 1940. In his answer the defendant set up that the plaintiff's claim was barred by the statute of limitations.

With relation to the payments made by the defendant to the plaintiff, the defendant testified that none of them was made on account of any indebtedness to the plaintiff but they were moneys advanced or given by him because he was sorry for the plaintiff who had lost his money in the Tylco Company. With relation to the payment on June 14, 1934, the plaintiff testified that he went to the defendant on that day and told him that he needed money because his home was going to be foreclosed, and that the defendant "gave him $5, saying, 'I can spare $5,'" and told him to "come back next week."

The only exception argued by the defendant is to the denial by the judge of his request for a ruling that "As a matter of law the evidence offered by the plaintiff concerning payments does not take this debt out of the operation of the statute of limitations." (G. L. [Ter. Ed.] c. 260, § 2,

First.) There was no error in its denial. It was, in effect, a request for a finding of fact that the last payment made by the defendant on June 14, 1934, was not made on account of the defendant's debt to the plaintiff. The judge was not required so to find. The evidence set forth in the record and the reasonable inferences therefrom were sufficient to warrant the judge in finding, as he impliedly did, that the last payment by the defendant to the plaintiff on June 14, 1934, was made on account of his debt to the plaintiff which is the subject of the present action. It follows that the running of the statute of limitations was interrupted by that payment, and hence that recovery by the plaintiff is not barred. *Nutter* v. *Mroczka,* 303 Mass. 343, 345, and cases cited. *Lariviere* v. *Lariviere,* 304 Mass. 627, 629. *Credit Service Corp.* v. *Barker,* 308 Mass. 476, 478.

It may be added, as pointed out by the plaintiff in argument, that the bill of exceptions does not state that it contains all the material evidence. "Exceptions which depend upon a finding of fact may be disposed of on this ground." *Evans* v. *County of Middlesex,* 209 Mass. 474, 481. *Commonwealth* v. *McIntosh,* 259 Mass. 388, 391, and cases cited.

*Exceptions overruled.*