Wilson, J.
This is an action of contract brought by a co-operative bank, organized and doing business under G. L. (Ter. Ed.) c. 170, as amended, to recover a deficiency after foreclosure of a real estate mortgage in the co-operative bank form.
The answer of the defendant is a general denial, payment, the statute of limitations, and the illegality of the note.
The note was introduced in evidence at the trial. So far as now material, it is as follows:
“ $2700.00 North Cambridge, Mass., October 24, 1934
“I hereby pledge and transfer to THE NORTH CAMBRIDGE CO-OPERATIVE BANK, a Corporation duly established by law, . . . Fourteen (14) . . . *202 shares, of its Capital Stock, said shares being in the . . . 90th . . . series, as Collateral Security for the performance of the conditions of this note and the accompanying mortgage, upon which shares the sum of . . Twenty-seven Hundred ($2700.00) . . . Dollars, has been advanced to me by said Corporation; and
“For value received, I promise to pay to said Corporation, or order, the sum of . . . Twenty-seven and 50/100 Dollars . -. . monthly, at the stated monthly meetings of said Corporation on the Second Tuesday of each and every month hereafter, being the amount of the monthly dues on said shares and of the -monthly interest and premium upon said loan or advance of . . . Twenty-seven Hundred ($2700.00) Dollars . . . for which said shares are pledged and this note and the accompanying mortgage given, together with all fines chargeable by the By-Laws of said Corporation upon arrears of such payments, until said shares shall reach the ultimate value of two hundred dollars each, or otherwise sooner to pay to said Corporation or order, said sum of . . . Twenty-seven Hundred ($2700.-00) Dollars, together with the said interest, premiums and fines as aforesaid to the time of such payment.
“In case of the non-payment of said monthly dues, interest, premiums or fines for the period of four months after any payment thereof shall be due, or upon any other default in the performance or observance of the conditions of this- note or of the accompanying mortgage, the entire indebtedness in respect hereof shall become due and payable forthwith.
“Signed in the presence of
Euth C. Hetherston”
There was also evidence at the trial and the court found as follows:
“This is an action in contract by the plaintiff, a cooperative bank, to recover a deficiency after foreclosure on a co-operative bank note secured by a mortgage of real estate. The writ is dated March 6th, 1942. The note, a photostatic copy of which is annexed to the declaration and may be referred to, was dated October 24th, 1934, in the, sum of twenty-seven hundred ($2700) *203 dollars, secured by a mortgage of real estate in the then regular co-operative bank form, with monthly payments of twenty seven ($27) 00/100' dollars for principal and interest at six (6) per cent, with fourteen (14) shares of capital stock of said bank pledged as collateral; said note was duly executed by the defendant but not witnessed.
“An entry was made by said bank under said mortgage June 12th, 1936, and foreclosure sale was held March 16th, 1937, at which the mortgaged real estate was sold to the mortgagee bank for eighteen hundred ($1800) dollars, the bank claims a balance due as of the date of the writ, in the amount of nine hundred eight and 69/100 ($908.69) dollars.
“The last voluntary payment was made by the defendant in October 1935 to the plaintiff on this account. Without agreement with or consent of the defendant, said bank collected rent from the mortgaged real estate in March 1936, in the amount of seven ($7) dollars, and in April 1936, in the amount of twenty-four ($24) dollars, and in said last named month the plaintiff applied twenty-six and 38/100 ($26.38) dollars of these rents, which it held in a separate account, to the payment due from the defendant for the month of July 1935, on said note; similarly in May 1936, rent was collected of thirty-five ($35) dollars, and held in a separate account and subsequently twenty-six and 38/100 ($26.38) dollars of same was applied by the plaintiff to the monthly payment due on said note from the defendant for the month of August 1935; subsequently rentals were similarly collected and held in a separate account and ultimately applied by the plaintiff to the monthly payments on said mortgage note.
“I find on all the credible evidence that on March 18th, 1936, the payments on the note, in any event, had been overdue for a period of four months and on said date the statutory twenty-one days’ notice as provided in Acts 1933, Chap. 144, Sec. 36, was sent by the plaintiff by mail to the defendant, at her last known address, and the account of the defendant was duly debited and her shares credited as provided in said section.”
*204 The defendant seasonably presented eleven requests for rulings of law. Those now material are numbered 1, 2, 4 and 11, which were refused, and are as follows:
‘ ‘ 1. There is evidence warranting a finding for. the defendant. 2. Recovery is denied to the plaintiff because of the running of the Statute of Limitations. 4. There is no evidence that the bank credited any payments made by the defendant to the note. 11. A proviso that a note shall become due on a partial default without words of option or election, matures the debt. ’ ’
In addition to the findings of fact above set forth, the court made the following ruling:
“I rule as a matter of law that in spite of the wording of note (see last paragraph thereof) the balance of the account on said note was not due and payable until at least twenty-one days subsequent to March 18th, 1936, that is April 8th, 1936, and that the six year statute of limitations applicable to this instrument had not run at the time the writ was brought.
“I find for the plaintiff in the amount of Nine Hundred Eight and 69/100 ($908.69) dollars, with interest from March 16th, 1937, at six (6%) per cent in the amount of Two Hundred Seventy and 86/100 ($270.86) dollars.
“If, as a matter of law, the statute of limitations had run on said note at the date of the writ, I make an alternative finding in favor of the defendant.”
No question is now raised as to the amount of the finding if the plaintiff is entitled to recover. We consider the rulings filed by the defendant, denial of which is now claimed to be prejudicial error.
With respect to the first request, if a finding for the defendant was supportable on the evidence, he was entitled to the ruling requested or to a statement of the findings of fact made by the judge sufficient to show that he did consider all the evidence in arriving at his decision. His findings of fact amply supported his finding for the plain *205 tiff. Bresnick v. Heath, 292 Mass. 293, 298. Strong v. Haverhill Electric Co., 299 Mass. 455, 456. Hurley v. Ornsteen, 311 Mass. 477, 480. Marquis v. Messier, 303 Mass. 553, 555. See also Memishian v. Phipps, 311 Mass. 521, 524, and cases there cited.
In respect to the second request, the mortgage note was not witnessed, and it was claimed by the defendant, therefore, that the Statute of Limitations was the six years statute, G. L. c. 260, §2. It has been said that it is a fundamental principle that one seeking review of rulings and findings of a trial judge must set out enough on the record to enable the appellate tribunal to determine whether there has been prejudicial error. Posell v. Herscovitz, 237 Mass. 513, 516, 517. Vengrow v. Grimes, 274 Mass. 278, 279. But the report in the instant case, although it does not expressly so state, seems to have been drawn with an intention of presenting all the evidence bearing upon the questions of law sought to be raised. We have accordingly dealt with the case on that basis. Ready v. Pinkham, 181 Mass. 351, 353. Jennings v. Law, 199 Mass. 124, 125. Morganti v. Casey, 311 Mass. 46, 49.
The statute under which the plaintiff was doing business at the time of the making of the note in suit was Statute 1933, c. 144, which sets out the purposes of the organization of co-operative banks as “primarily for the purpose of accumulating the savings of its members and loaning such accumulations to them.” Statute 1933, c. 144, §2. See also §§23, 24, 26, 27, 28 and 29. Marsh v. Concord Co-operative Bank, 299 Mass. 221, 222. And it is provided by §57 of said c. 144, that no persons or corporation (with certain exceptions not material) shall transact in this Commonwealth the business of accumulating the savings of its members and loaning to them such accumulations in the manner of a co-operative bank, unless incorporated in this Com *206 monwealth for such purpose. Such banks are not authorized to do a general banking business and their rights and powers are strictly limited for the protection and benefit of their members. Jewett v. West Somerville Co-operative Bank, 173 Mass. 55, 56.
Section 27 of said c. 144 provides that for every loan made upon real estate, a note shall be given, accompanied by a transfer and pledge of the requisite number of shares standing in the name of the borrower, and secured by a mortgage of real estate. 'The shares so pledged shall be held by the bank as collateral security for the performance of the conditions of the note and mortgage. The note and mortgage . . . shall be conditioned upon the payment at or before the stated meetings of the bank of the monthly dues on said shares, and the interest upon the loan etc. until said shares reached their matured value or until the loan is otherwise cancelled or discharged.
Section 36 of said c. 144 also provides the course to be pursued by the bank in case of a breach of the conditions of a mortgage given to the bank by a member borrower for the recovery of a loan.
(1) It must appear that the owner of the shares pledged for a real estate loan is in arrears for dues, interest or fines for four monthly payments or has committed a breach of the conditions of a mortgage.
Nothing in this statute provides that the bank shall proceed at once upon such failure or default, but provides “that the directors may.”
(2) After twenty-one days’ notice, mailed to the last known address of the shareholder, declare the shares forfeited if the arrears then remain unpaid, or such breach continues.
Referring to such notice, it seems to be assumed that the notice is a condition precedent to the forfeiture and value *207 of the shares. The value of the shares is necessary to arrive at the amount due the bank on foreclosure. Lowell Co-operative Bank v. Dafis, 276 Mass. 3, 6.
The last voluntary monthly payment in the instant case was made in October, 1935, and in the absence of evidence to the contrary it must be presumed to be made on the second Tuesday, as provided in the note. This could not be earlier than October 8. The expiration of four months could not be sooner than the second Tuesday of February, 1936. There is nothing in the statute that notice be immediately given. And in the instant case, notice was given on the eighteenth of March, 1936. The statute provides that the shares shall be declared forfeited if the arrears then remain unpaid, meaning at the expiration of .said notice. The notice having been given on the eighteenth of March, 1936, the shares could not be forfeited and the amount due determined until the close of business on April 8, 1936. The statute of limitations, therefore, was not operative against such balance when the writ in this action was brought on March 6, 1942. Merchants Co-operative Bank v. Pasqualucci, 289 Mass. 339, 346.
It follows that the court was right in refusing to give the second, fourth and eleventh requests for rulings.
Insofar as the last clause of the note is concerned, it is sufficient to say that if it is contrary to the provisions of said c. 144, it is inoperative and the provisions of the statute are binding upon the owner of the shares. The court, therefore, was correct in the manner in which he disposed of the eleventh request for ruling.
No prejudicial error appears and the report is dismissed.