KENISTON, C. J.
This is an action of contract in which the plaintiff seeks to recover damages for the alleged breach of two written contracts, copies of which are annexed to the plaintiff’s declaration and marked exhibits “A” and “B”, as follows:
EXHIBIT “A”
July 29, 1948
The Pratt Paper Co.,
176 Federal Street,
Boston, Massachusetts. Attention: Mr. Allen
Gentlemen:
With reference to the invoice of the Pratt Paper Company to the Gero Paper Tube & Container Corp., *[154] dated June 8, amounting to $1,533.34,1 hereby assume the following personal responsibility to the Pratt Paper Co.,: Gero Paper Tube & Container Corp. has failed to pay the above invoice, and provided that the Pratt Paper Co. continues to sell the same Sulphite Screenings as on the above invoice to me as an individual, on terms agreeable to the Pratt Paper Co., with the payment for each car load I shall include an additional payment equivalent to 10% of the invoice to Gero Paper Tube and Container Corporation until the $1,533.44 is paid in full (with 6% interest added).
If Gero Paper Tube & Container Corp. itself pays part or all of the above bill, my liability as above shall extend only to the unpaid balance.
Yours very truly,
EXHIBIT “B”
December 8, 1948
The Pratt Paper Co.
Boston, Mass.
Dear Mr. Allen:
With further reference to my letter of July 29, I agree to pay personally any legal expenses which you may think necessary and reasonable to revise the collection of the invoice in question.
Yours very truly,
Sidney L. Grodberg
Under the contract designated Exhibit “A” the plaintiff seeks to recover the unpaid balance of the debt of the Gero Paper Tube & Container Corp. and under the contract Exhibit “B” for the legal fees incurred in the collection of its claim against the same corporation.
At the trial there was evidence tending to show that the defendant had been connected with the Gero Paper Tube & Container Corp.; but at all times material to this case was in business as an individual proprietor and through a corporation, The Marshall Paper Tube Company; that in July of 1948 Gero Paper Tube & Container Corp. was indebted to the plaintiff in the amount of $1,533.34; that the defendant who had been connected with Gero Paper Tube & Container Corp. was desirous of purchasing sulphite *[155] screenings from the plaintiff corporation; that the plaintiff corporation agreed to sell sulphite screenings to the defendant provided that the defendant guaranteed the account of Gero Paper Tube & Container Corp.; that subsequent to signing the guarantee which is set forth as Exhibit “A”, the defendant ordered sulphite screenings, and three shipments of 20 tons each were made at his direction to The Marshall Paper Tube Company, a corporation owned by the defendant; that prior to shipment of these screenings, the plaintiff arranged with the defendant and the defendant’s father to bill the defendant’s father, and the defendant’s father paid for same as they were shipped to the defendant. At some time in December 1948 the defendant sent a letter which is set forth as Exhibit "B” and is dated December 8, 1948, with respect to the plaintiff’s legal expenses of prosecuting a claim against Gero Paper Tube & Container Corp.; that as a result of the plaintiff’s suit against Gero Paper Tube & Container Corp., the plaintiff obtained a judgment and thereafter with the approval and assent of the defendant, settled the claim for $800; that at the time the plaintiff’s agent conferred with the defendant with respect to the settlement the plaintiff’s agent stated they would look to him for the balance on the Gero Paper Tube & Container Corp. account; that thereafter the plaintiff returned the execution in its suit against Gero Paper Tube & Container Corp., endorsed “The within execution having been satisfied in full is herewith returned to the court.”
At the close of the trial the defendant seasonably filed certain requests for rulings, which, with the court’s action thereon, are as follows:
1. If the defendant executed the writing, a copy of which is Exhibit “A,” to the plaintiff’s declaration, then this action is one to “charge a person upon a special promise to answer for the debt, default or misdoing of another . . .” and is within the Statute of Frauds. General Laws, Chapter 159, Section 1, (second).
Allowed.
2. If the defendant executed the writing referred to in Request 1, (Exhibit “A” attached to the plaintiff’s, declaration) and if the plaintiff never sold Sulphite *[156] Screenings to the defendant, then the defendant is entitled to judgment.
Yes, I find that plaintiff did sell Sulphite Screenings to the defendant.
3. If the defendant executed the writing referred to in Request 1 (Exhibit “A”), and if subsequently, the plaintiff brought an action against Gero Paper Tube and Container Corp. on the invoice referred to in said writing; obtained judgment thereon, and the execution was returned endorsed "The within execution having been satisfied in full is herewith returned to this Court” which endorsement was signed by the plaintiff’s attornies, then judgment must be for the defendant.
Yes. However, I find that settlement was made with Gero Paper Tube and Container Corp. with assent of defendant to make good differences under guaranty.
4. If the defendant executed the writing referred to in Request 1 (Exhibit “A”), the defendant in no event became liable to pay the plaintiff’s attorneys fees.
I find defendant’s obligation for attorney fees derives from a written' promise given in December.
The court made the following special findings of facts: “I find that the plaintiff delivered 60 tons of screenings at defendant’s direction after signing of guaranty. I find that while these 60 tons of screenings were billed to defendant’s father this derived from credit arrangement in which father agreed to have goods billed to him. I find, however, that defendant was the party who received the merchandise.” and found for the plaintiff.
The defendant claims to be aggrieved by the rulings of the court on defendant’s requests numbered 2, 3 and 4.
It does not appear from the report that the report contains “all of the evidence material to the questions reported.” It may well have been that there was other evidence not contained in the report which may have been determinable of the questions raised by the report. Perry v. Hanover, 314 Mass. 167, 169; Commonwealth *[157] v.McIntosh, 259 Mass. 388, 391; Morganti v. Casey, 311 Mass. 46, 49; Handrahan v. North Main Street Garage, Inc., 312 Mass. 699; Keeney v. Ciborowski, 304 Mass. 371, 374; Commonwealth v. Klangos, 1951 A.S. 81. For this reason alone the report should be dismissed.
Pickering, Metcalf, Cushing, Gray and Allen, Attys. for Plaintiff.
Orrin P. Rosenberg, Atty. for Defendant.
Even considering the evidence contained in the report we feel there was no error.
The ruling upon request No. 2 is “Yes, I find that the plaintiff did sell Sulphite Screenings.” This is in effect a granting of the request with a finding of fact that the plaintiff in selling the screenings had complied with the condition set forth in the guarantee contained in Exhibit “A” and that therefore the defendant was liable. The evidence set forth in the report warranted such a finding and the defendant has no ground for grievance for such a finding of fact.
The ruling on request No. 3 was “Yes. However, I find that settlement was made with Gero Tube and Container Corp. with assent of defendant to make good differences under guaranty.” This again is in effect, a granting of the defendant’s request with a finding of fact that the settlement was made with the approval and assent of the defendant. The evidence justified such a finding of fact and the defendant cannot be aggrieved by such a finding of fact.
On request No. 4 the ruling was “I find defendant’s obligation for attorney fees derives from a written promise given in December.” This is the direct statement contained in Exhibit 2. The defendant contends that there was no consideration for such a promise. We do not agree. It was a fair implication from the facts that it was to the advantage of the defendant to have suit on the claim and to recover as much as possible on the claim and thereby relieve the defendant to that extent upon his guaranty.
If any error may have existed in the complained of rulings, which we do not find, it has been cured by the court’s special findings of facts.

Report dismissed.