## MARY SMITH *vs.* ELLEN McCARTY & others.

Middlesex. Jan. 11. — Feb. 17, 1876. COLT & ENDICOTT, JJ., absent.

The judge, before whom a writ of dower was tried without a jury, found as a fact that the land described in the writ was conveyed to the demandant's husband; that he, on the same day, mortgaged it to a third person to secure his note to such person for money procured of him to pay for the land; and that the demandant did not join in the mortgage deed. The judge ruled, on these facts, that the demandant was entitled to dower. *Held*, that the facts stated did not conclusively prove that the seisin of the husband was instantaneous only.

WRIT OF DOWER by the widow of Barney Smith, dated February 4, 1871, against Ellen McCarty, William Smith and Lawrence Smith. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found the following facts:

The premises in which the demandant claims dower in this action consist of about one half of an acre of land in Framingham with a dwelling-house thereon, which was conveyed to Barney Smith by a warranty deed of George Warren on November 30, 1858; mortgaged to Elizabeth Dawson on November 30, 1858, to secure payment of Barney Smith's note of $100 procured by him of her for the purpose of paying for the said land, and conveyed by Barney Smith by his warranty deed subject to the said mortgage to Alexander R. Esty on January 6, 1860, and reconveyed by Alexander R. Esty by quitclaim deed, to Barney Smith on January 9, 1860. On September 26, 1861 the

tenant Ellen McCarty paid from the earnings of her labor the sum due upon the mortgage of Barney Smith to Elizabeth Dawson, for which a receipt was given on the back of the mortgage, and, in consideration of that payment, Walter Adams, administrator of the estate of Elizabeth Dawson, deceased, assigned the mortgage to the tenant Ellen McCarty, on May 10, 1875. Barney Smith, by his warranty deed of February 15, 1870, conveyed the premises to his son, William Smith, (deceased before service of the demandant's writ) and Lawrence Smith, but the demandant did not join in this deed.

The demandant on October 1, 1870, demanded in writing of William Smith and Lawrence Smith dower and homestead in the premises:

Upon the foregoing facts, the judge ruled that the demandant was entitled to dower in the premises described in the writ, and ordered judgment for her; and the tenants alleged exceptions.

*H. L. Hazelton & W. Adams*, for the tenants.

*A. Cottrell*, for the demandant.

MORTON, J. It appears by the bill of exceptions that the land in which the demandant claims dower was conveyed to her husband by George Warren on November 30, 1858, and that on the same day her husband mortgaged it to Elizabeth Dawson, to secure the payment of his note of one hundred dollars procured by him of her for the purpose of paying for this land. But this does not necessarily show that he had only an instantaneous seisin. It must be shown that the deed to him and the mortgage by him were parts of one and the same transaction. *Webster* v. *Campbell*, 1 Allen, 313. *Hazleton* v. *Lesure*, 9 Allen, 24. *King* v. *Stetson*, 11 Allen, 407.

The presiding judge, who tried this case without a jury, may have found upon the evidence before him that the deed and mortgage were not parts of one act or transaction, and therefore that the seisin of the demandant's husband was not instantaneous, in which case the demandant, as she did not sign the mortgage, is entitled to dower in the whole estate. Without considering the other point taken by the demandant, that the mortgage was paid and discharged, these exceptions cannot be sustained because the bill does not show any error of the court below in matter of law.                        *Exceptions overruled*