THOMAS J. READY *vs.* JOSEPH G. PINKHAM.

Essex.    March 4, 1902. — May 21, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Infant.    Contract*, Construction.

An infant on coming of age cannot affirm part of a contract without ratifying the whole of it.

The owner of a lot of land agreed to sell it to a minor and to build him a house upon it. The minor was to pay to the vendor a certain sum in cash and to give a mortgage for the balance of the purchase money to another person who was to furnish the money from time to time for building the house. These things were done, and the minor gave an assignment to the vendor of all the money to be furnished under the mortgage. When the house was completed the minor moved into it, then, coming of age, conveyed it to the plaintiff, telling him that there was a mortgage upon it which he did not consider valid, because he made it when a minor. The defendant, having acquired the mortgage, proceeded to foreclose it, and the plaintiff brought a bill in equity to restrain him from doing so. *Held*, that the transaction was all one contract, and that the minor on coming of age could not affirm part of it without ratifying the whole, and, having kept the land, could not avoid the mortgage given for the purchase money.

BILL IN EQUITY, filed October 19, 1899, by one claiming under G. Emerson Vaughn and by Vaughn himself to restrain the defendant from foreclosing a certain mortgage for $1,350 given by Vaughn when a minor.

In the Superior Court a demurrer of the defendant on the ground that Vaughn was joined improperly as plaintiff, having no interest in the bill, was sustained, with leave to amend, and the plaintiff amended his bill by striking out Vaughn as a party. Later, the case was heard by *Pierce*, J., who made a decree granting the injunction prayed for, and ordering the cancellation of the mortgage and the release of all claims thereunder. The defendant alleged exceptions.

*J. H. Sisk*, for the defendant.

*J. F. Hannan & H. P. Moulton*, for the plaintiff.

KNOWLTON, J.   The transactions disclosed by this bill of exceptions seem to have been as follows: One Lewis was the owner of a lot of land. He made a contract with one Vaughn to sell him the land and to build a house upon it, for which

Vaughn was to pay a certain sum in cash and the balance by a mortgage for $1,350 upon the property. This mortgage was to be given by Vaughn to one Breed, who was to pay the money secured by it to Lewis from time to time, as the work of building went on. A deed from Lewis to Vaughn and a mortgage from Vaughn to Breed were made, both on the same date, and at the same time an assignment was made from Vaughn to Lewis of the money to be furnished by Breed under the mortgage. Vaughn was at that time a minor. Lewis built the house and Breed paid him the money secured by the mortgage. After the house was completed Vaughn moved into it, and more than five months after he became of full age he conveyed it to the plaintiff, telling him that there was a mortgage upon it which he (Vaughn) did not consider valid, because it was made when he was a minor. The mortgage was assigned by Breed to the defendant, and the plaintiff brings this bill to enjoin the defendant from foreclosing it.

If the contract for the sale of the lot from Lewis to Vaughn included a contract to erect a house upon it which was to be paid for in part by the mortgage to Breed, to secure him for money to be furnished to Lewis as the construction of the building proceeded, the mortgage was no different in legal effect as against Vaughn, from an ordinary mortgage given by a minor in part payment for real estate conveyed to him. It was voidable. If these several agreements were all parts of one transaction, it is of no consequence that the mortgage was made to Breed instead of to Lewis the grantor in the deed. *Smith* v. *McCarty,* 119 Mass. 519, 520. *Hazleton* v. *Lesure,* 9 Allen, 24. *Woodward* v. *Sartwell,* 129 Mass. 210.

If the deed and mortgage back were made at the same time and as parts of the same contract, Vaughn, after becoming of age, could not affirm a part of the contract by retaining and then conveying away the real estate, without ratifying also the other part by which he agreed to pay for it. *Badger* v. *Phinney,* 15 Mass. 359. *Boyden* v. *Boyden,* 9 Met. 519. *Chandler* v. *Simmons,* 97 Mass. 508. *Gibson* v. *Soper,* 6 Gray, 279. *Pelletier* v. *Couture,* 148 Mass. 269, 271. *Dana* v. *Coombs,* 6 Greenl. 89. *Robbins* v. *Eaton,* 10 N. H. 561. *Bigelow* v. *Kinney,* 3 Vt. 353. *Van Horne* v. *Crain,* 1 Paige Ch. 455.

The doctrine stated in *Gibson* v. *Soper* and in *Chandler* v. *Simmons, ubi supra,* that in order to avail himself of his right to avoid a contract a minor is not obliged to put the other party *in statu quo,* is not applicable to a case like the present, where a minor affirms a contract under which he retains and holds unimpaired, after attaining his majority, all the property covered by it.

The only question of doubt in this case is what construction to put upon the bill of exceptions. The bill appears to be drawn with an intention of presenting all the evidence bearing upon the questions of law, although it does not expressly state that there was no other material testimony. The testimony as to the making of the mortgage comes from Vaughn who was called by the plaintiff, and Lewis who was called by the defendant. There is no contradiction in their testimony, although Vaughn, testifying about the contract in cross-examination, seems to have been an unwilling witness for the defendant. The deed and the mortgage were both dated and signed the same day, and Vaughn gave an affirmative answer to the question, " It was practically one transaction, was it not ? You signed this mortgage to Mr. Breed on July 21, 1896, and on that same day Mr. Lewis gave you the deed of the premises July 21, 1896 ? " He also said, " Lewis agreed to build the house for so much. I gave the mortgage for part payment." Lewis testified that the mortgage was made to him, and that the money was all assigned to him at the time the mortgage was given. He said, " Mr. Vaughn gave Mr. Breed orders to pay the money to me as the work progressed." Both testified that the contract to build the house was made at about the time the deed was given, and as the deed and mortgage were made and delivered at the same time, the contract for the house must have been a part of the previous arrangement. The bill of exceptions shows no finding of fact by the judge, but closes with a statement that he refused to rule as requested, " but did rule that the plaintiff was entitled to maintain said bill." Upon this uncontradicted evidence it is difficult to see how the judge could have failed to find that the deed and mortgage and contract to build the house were parts of one contract, and that the mortgage was given to secure the purchase money of the real estate in the condition in which Lewis agreed to put it. See *Sprague* v. *Brown,* 178

Mass. 220. We are inclined to construe the exceptions as presenting rulings of law on this undisputed evidence, rather than as founded on findings of different facts which nowhere appear.

*Exceptions sustained.*