DORIS BACKOFF *vs.* WILLIAM WEINER.

Suffolk.    February 6, 1940. — February 28, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Landlord and Tenant*, Existence of relation, Time of letting, Landlord's liability to tenant, Common stairway.

A landlord cannot escape his obligations to a tenant at will by showing lack of title in himself at the time of the letting.

The mere fact, that one who had let an apartment to a tenant at will did not receive title thereto until after the letting, did not relieve him

of liability for personal injuries caused by a defect in a common stairway used in connection therewith which had appeared to be in good condition at the time of such letting, although the condition of the stairway at the time the landlord received title was not shown.

TORT. Writ in the Superior Court dated May 18, 1936.

A verdict for the defendant was ordered by *Greenhalge*, J. The plaintiff alleged exceptions.

*R. S. Spatz*, for the plaintiff.

*R. B. Coulter*, for the defendant.

Cox, J. The plaintiff and her husband lived in a house in Roxbury. Prior to April 1, 1935, they met the defendant at the house, the plaintiff asked him who had charge of the letting, and he replied that he had. They hired an apartment from the defendant and moved in on April 1, 1935, at which time the front steps, which were used in common by all the tenants, appeared to be in good condition. The defendant collected the rent and gave the plaintiff and her husband receipts signed in his own name. Neither the plaintiff nor her husband had dealings with any person other than the defendant as to the hiring of the apartment or the payment of the rent. On August 24, 1935, the plaintiff caught her foot in a hole in one of the front steps and was injured. At the trial it was agreed that the defendant became the owner of the premises in question by deed from a savings bank on May 17, 1935. There was no evidence as to the condition on May 17, 1935, of the premises or the particular step where the plaintiff fell. The defendant admitted that on the date of the plaintiff's injuries he was the owner of the house in question, that he was in control of the front steps, and that the plaintiff's husband was at that time a tenant at will. At the conclusion of the plaintiff's case, the trial judge directed a verdict for the defendant, solely on the ground that a new tenancy was created on May 17, 1935, and that there was no evidence of the condition of the premises on that day. The bill of exceptions states that only one issue is raised and that all facts material to it are set out.

The plaintiff, in order to recover, had the burden of proving that her injury occurred as a result of the failure of

the defendant to keep the common stairway in the condition it was in, or appeared to be in, at the time of the commencement of the tenancy, and that the defect in the stairway, which caused her injury, arose after the commencement of the tenancy. *Griffin* v. *Rudnick*, 298 Mass. 82, 84, and cases cited. If a new tenancy was created on May 17, 1935, it is assumed that the verdict was rightly directed. *Murray* v. *Lincoln*, 277 Mass. 557. Who was the actual owner of the premises on April 1, 1935, does not appear, but ownership is only one element to be considered in determining whether the relationship of landlord and tenant commenced on that date, for one may be a landlord although he is not an owner. The tenant cannot escape from his obligations by showing that his landlord had no legal title, nor can the landlord escape from his obligations by showing the same thing. The reciprocal obligations of landlord and tenant do not depend upon the validity of the landlord's title. *Lindsey* v. *Leighton*, 150 Mass. 285. *Crowe* v. *Bixby*, 237 Mass. 249, 251. See *Magaw* v. *Beals*, 242 Mass. 321, 324. "If the defendant by his conduct in dealing with the property, by his knowledge and his transactions in reference to the property, so acted that it could be fairly said he assumed the duties and responsibilities of a landlord, it could be found he was in fact the landlord, although he made no such representation in words to the plaintiff." *Connery* v. *Cass*, 277 Mass. 545, 549. It could have been found that the plaintiff and her husband became tenants of the defendant on April 1, 1935, and if it were so found, it could not rightly have been ruled that the relationship of landlord and tenant was terminated by the conveyance to the defendant on May 17. The case at bar is distinguishable from *Souza* v. *Becker*, 302 Mass. 28, 30. It is true that a tenancy at will is terminated by a conveyance of the leased premises by the landlord. But in the case at bar that is not the situation. The defendant continued to be the landlord despite the fact that his precise relationship to the premises in question may have changed.

*Exceptions sustained.*