Gadsby, J.
This is an action of contract in which the plaintiff seeks to recover rent from the defendant for use and occupation for two months beginning January 15,1941.
On December 15, 1940, the defendant became a tenant at will of the plaintiff under an agreement to pay rent monthly in advance at the rate of fifty dollars ($50.00) per month. At the time that the defendant became the tenant at will of the plaintiff, the plaintiff held title to the premises in her maiden name, Maria Geraci. On January 14, 1941, the plaintiff executed a deed of conveyance of the said premises to a third party who simultaneously executed a deed of conveyance back to the plaintiff in her marriage name, Mary Ferrigno. These two deeds were recorded at the same time and on the same day January 14, 1941. On January 15, 1941, the day after these conveyances were executed and duly recorded, the defendant vacated the said tenement without giving any notice to the plaintiff.
*167 The plaintiff presented the following requests for rulings of law:
“17. The evidence concerning the conveyance from ‘Maria Ferrigno, formerly known a=* Maria Geraci’ to Frances Concemi, and the simultaneous conveyance from Frances Concemi to Maria Ferrigno, which conveyance were made on January 14, 1941, does not warrant a finding that the tenancy of the defendant was thereby terminated.
“18. The evidence referred to in the preceding requests does not require a finding that the tenancy was terminated on January 14, 1941.
“19. As a matter of law, the conveyance referred to in Request #17 did not operate to terminate the tenancy at will under which the defendant occupied the premises.”
These three requests were disallowed. In denying them the Court filed the following memorandum :
‘ ‘ Findings — I find as a fact that, on January 14, 1941, the plaintiff gave a deed of the property to Frances Concemi and that there was a simultaneous conveyance from Frances Concemi to the plaintiff. As a matter of law the conveyance from the plaintiff to Frances Concemi terminated the tenancy at will which had existed between the parties in this action and the defendant then became a tenant at sufferance. I therefor find for the defendant. ’ ’ William H. Daly, Special Justice.
The single question of law is whether the tenancy at will was terminated by this conveyance.
There is a line of decisions in which a conveyance is held to terminate a tenancy at will and transfer it into tenancy at sufferance.
For example, in McFarland v. Chase, 7 Gray 462, three owners, members of a partnership, conveyed the premises to a new firm consisting of themselves and one other. The court said at 463, “A new owner came in, to whom the de *168 fendant was not tenant at will, and thereby the tenancy at will was determined.”
In Souza v. Becker, 302 Mass. 26 at 30, the court said, ‘ The tenancy at will of Mrs. Almon had been terminated by the conveyances by Joseph Becker to his son and by the latter to the defendant’s as tenants by the entirety, although the tenant had no notice of the transfer of title.” In Backoff v. Weiner, 305 Mass. 375 at 377, the court said, “It is true that a tenancy at will is terminated by a conveyance of the leased premises by the landlord.”
There is another line of decisions however, which adopt what is known as the doctrine of instantaneous seisin. These cases are differentiated from the previous cases cited, in that, in the former there is a change in what the grantor acquires by the reconveyance. His interest is either increased or decreased. In the case at bar, the interest of the grantor remained the same.
In Smith v. McCarthy, 119 Mass. 519, the court held that since the seisin was not instantaneous, the wife of the third party was entitled to dower. In Woodward v. Sartwell, 129 Mass. 210 at 211, the court said, “It is settled in this Commonwealth that where a person to whom land is conveyed by deed, immediately conveys the land to another, so that the deeds are part of the same transaction and the seisin is instantaneous and only for the purpose of conveyance, his wife can have no dower in the land, and it is not the subject of an attachment by his creditors.”
In Kyte v. Commercial Union Assurance Co., 144 Mass. 43, during the term of an insurance policy, for the purpose of vesting the entire interest in A, who was her husband, the wife conveyed land to C, and A joined in the conveyance in release of his right as tenant by the curtesy. C, on the same day, conveyed the land to A; held that there was no breach *169 of a condition in the policy rendering it void if the property were sold.
The distinction between cases like Souza v. Becker, 302 Mass. 28, and the cases in which the court has held that the tenancy has not been terminated, seems to lie in the fact as to whether or not the grantor’s interest has been changed. If the grantor’s interest has been increased or decreased, then the tenancy is terminated. However, if, as in the case at bar, the third party was but an instrument or conduit in order to simply pass title, then the tenancy is not terminated. It is clear that the transfer of title in this case was simply for the purpose of passing title from the plaintiff in her maiden name to the plaintiff in her marriage name. The seisin was instantaneous. There was no disseisin of the plaintiff, the owner in fee. The plaintiff had the same interest in the property after the conveyance that she had before. The two deeds were all part of the one and the same transaction, and the plaintiff continued in actual possession of the premises. There was no new owner. Therefore, the case of Souza v. Becker is not applicable.
Prejudicial error was therefore committed by the trial judge in the denial of the plaintiff’s requests for rulings of law #17,18 and 19. Since there has been a full trial on the merits, the order must be that the finding for the defendant is vacated and a finding is to be entered for the plaintiff in the sum of one hundred dollars ($100.00) with interest from the date of the writ.