MAURICE C. MILLER *vs.* LAWRENCE BERK
(and a companion case[1]).

Suffolk.    January 9, 1952. — February 6, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Snow and Ice.  Landlord and Tenant,* Snow and ice, Common stairway, Contract of letting, Landlord's liability to tenant or his family or his invitee, Control of premises.  *Evidence,* Opinion, Competency.  *Negligence,* One owning or controlling real estate.  *Real Property,* Straw.

At the trial of an action against the owner of an apartment building by a lodger of a tenant of an apartment for personal injuries sustained through slipping and falling on snow and ice on an outside stairway of the premises, a question asked the defendant, whether one of the services furnished by him to the tenant in return for the rent was the removal of snow and ice from the outside stairways, did not call for an opinion but for a statement of fact and was proper.

Evidence warranted a finding that one of the terms of a contract of letting between a new owner of an apartment building and a tenant of an apartment therein who continued in occupancy after the change in ownership was the removal by the owner of snow and ice from an outside front stairway under his control.

An owner of an apartment building who in a contract of letting with a tenant of an apartment therein had undertaken to keep an outside front stairway under the owner's control clear of snow and ice was liable to one having the rights of the tenant for injuries sustained on the stairway as a result of negligence in the performance of such undertaking.

Evidence of the circumstances in which, early in the afternoon and several hours after the ending of a snow and sleet storm, a lodger of a tenant

---

[1] The companion case is by the same plaintiff against Harry H. Byron.

of an apartment in an apartment building slipped and fell on snow and ice as he was walking down the side of an outside front stairway of the building in order to avoid ice covering a path brushed in the snow down the middle of the stairway warranted a finding of negligence on the part of the owner of the building toward the lodger in the performance of an undertaking with the tenant in the contract of letting to keep the stairway clear of snow and ice, and did not require a ruling that the lodger was guilty of contributory negligence.

A straw owner of an apartment building having no control or management of the premises nor contractual relations with the tenants was not liable to a lodger of one of the tenants for injuries resulting from negligence in the performance of an undertaking by the real owner with that tenant in their contract of letting to keep an outside stairway under the real owner's control clear of snow and ice. .

A finding that a straw owner of an apartment building was in control of an outside stairway thereof was not warranted by evidence not showing that he had any connection with the property beyond holding title, applying for a tax abatement and securing a liability insurance policy.

TWO ACTIONS OF TORT. Writs in the Superior Court dated March 26, 1947.

The actions were tried before *Hurley,* J.

*W. H. McLaughlin,* for the plaintiff.

*S. H. Rudman,* (*J. A. McArdle* with him,) for the defendant Berk.

*C. C. Petersen,* for the defendant Byron.

RONAN, J. These are two actions of tort to recover for personal injuries alleged to have been received by the plaintiff on January 4, 1947, when he slipped on snow and ice as he was walking down the stairway leading to the sidewalk from the front entrance of the premises numbered 362 Commonwealth Avenue, Boston, where he lived. The defendant in each of these two actions is alleged to be the owner and in control of the premises. The judge, subject to the exception of the plaintiff, directed a verdict for Byron and also, subject to the plaintiff's exception, entered a verdict for Berk under leave reserved. Berk saved exceptions to the admission of certain evidence. The cases are here upon a consolidated bill of exceptions.

Norman V. Jones and his wife became tenants at will in this apartment house in 1937 or 1938, and after the death of her husband Mrs. Jones continued to occupy the apartment

until subsequent to the accident. In December, 1946, the plaintiff and his family became lodgers of Mrs. Jones. She continued to occupy one of the twenty-one or twenty-two apartments upon the premises. The janitor had always cleared the snow from the front stairway while her husband and she were tenants. Miller slipped as he was walking down the front stairway at about one thirty in the afternoon. There was evidence that the snow appeared to have been brushed toward the ends of each step, leaving a path in the middle of the steps which was covered with ice. In order to avoid this ice, he was walking down the left hand side of the stairway, using the abutment for support. A snow and sleet storm had ended that morning about seven o'clock and the janitor shortly thereafter had shovelled off the stairway. He was frequently about the stairway up to the time of the accident.

Berk purchased these premises in September, 1945, taking title in the name of Byron, who was an elevator operator in a down town office building. Byron was paid $5 or $10 for taking title. He exercised no control over the premises. He had no dealings with any of the tenants. He collected no rent and did nothing in the way of repairs or management of the property. Berk conceded during the trial that Byron was a straw, that he, Berk, was the real and true owner of the premises, and that he had control over the front stairway. Berk testified that he employed and paid one Looder, who was the superintendent of the premises; that included in Looder's duties was the removal of snow and ice from the outside stairways and sidewalk; and that when he purchased the property Norman Jones was a tenant but he never agreed with him as to what services he would furnish as he had never met him. Subject to Berk's exception, he was allowed to answer that among the services he furnished to Mr. Jones, and after his death to Mrs. Jones, "in return for the payment to you of the rent by her of that apartment," was the removal of snow and ice from the exterior stairways.

There was no express agreement between Berk and Mr.

or Mrs. Jones as to the terms of the letting. So far as appeared, they continued to occupy the apartment after Berk became the landlord as they did under the previous owner. In any event, snow and ice had always been removed from this outside stairway since Berk became the owner. It was not disputed that the Joneses were tenants of Berk even if he had never entered into any express agreement with them as to the terms of the tenancy. Neither is there any contention that Berk did not know the terms under which they occupied one of the apartments on his property. He could be expected to know that the rent was for permitting them to occupy a particular suite and what janitor's services went with the apartment and were included in the rental. In other words, he could tell what he was paid to furnish. There was no error in the admission of evidence. The questions objected to did not call for any opinion but called only for matters of fact. *Crowe* v. *Bixby,* 237 Mass. 249, 251. *Kulchinsky* v. *Segal,* 307 Mass. 571, 572–573.

Moreover, the continuance of the tenancy without any complaint or objection by the tenant indicated the existence of a mutual understanding between the parties as to its terms and, especially in the light of the evidence just recited, that one of them was the removal of snow and ice by the landlord. *Gallagher* v. *Murphy,* 221 Mass. 363, 365. *Crowe* v. *Bixby,* 237 Mass. 249, 253. *Donnelly* v. *Larkin,* 327 Mass. 287.

In the absence of any express or implied agreement, Berk would not be under any obligation to remove a natural accumulation of snow or ice from the stairway, *Smolesky* v. *Kotler,* 270 Mass. 32, *Boulton* v. *Dorrington,* 302 Mass. 407, *McNeill* v. *Home Savings Bank,* 313 Mass. 664; nor would he be liable if he negligently but gratuitously undertook its removal. *Bell* v. *Siegel,* 242 Mass. 380, 382. *Martin* v. *Rich,* 288 Mass. 437, 439. Berk, however, could have been found to have assumed a duty by the terms of the letting to keep the stairway clear from snow and ice, which was negligently performed, and he was therefore liable to a tenant who was thereby injured. *Nash* v. *Webber,* 204 Mass. 419.

*Erickson* v. *Buckley*, 230 Mass. 467. *Hebb* v. *Gould*, 314 Mass. 10. *Carey* v. *Malley*, 327 Mass. 189.

The plaintiff in travelling over the stairway had the same rights as did the tenant under whom he claimed. *Coupe* v. *Platt*, 172 Mass. 458, 459. *Nash* v. *Webber*, 204 Mass. 419, 421. It could have been found that the superintendent knew or ought to have known of the dangerous condition of the stairway in time to have taken measures to eliminate the danger. *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81, 83. The contributory negligence of the plaintiff was also a question of fact. *Mello* v. *Peabody*, 305 Mass. 373.

The sole contention of Berk is that the evidence did not show any agreement, express or implied, under the terms of which he was required to remove snow and ice from the stairway. We are of opinion, as already stated, that the existence of an implied contract imposing a duty to remove the snow and ice was a question of fact.

There was no error in directing a verdict for Byron. Other than taking the title in his name, applying for an abatement of taxes, and securing a liability insurance policy, he had no connection with the property. The relation of landlord and tenant arises out of a contract by which for a consideration, usually the payment of rent, one party permits the other to use and occupy certain premises. The landlord cannot escape his obligations to a tenant at will by showing that he had no title and the tenant cannot dispute the title of the landlord. *Backoff* v. *Veiner*, 305 Mass. 375, 377. *Skolnick* v. *East Boston Savings Bank*, 307 Mass. 1, 3. *Connors* v. *Wick*, 317 Mass. 628, 630. But Byron entered into no contractual relation with any of the occupants of the premises. He never had control of the premises, much less the front stairway. Generally where there is no control there is no liability. *Nunan* v. *Dudley Properties, Inc.* 325 Mass. 551. His application for abatement was evidently made in behalf of the real owner, and the issuance of a liability insurance policy covering the premises ·362–366 Commonwealth Avenue and 84–90 Massachusetts Avenue was not sufficient evidence to establish his control of the

front stairway where the accident occurred. *Calabresa* v. *Lynch,* 271 Mass. 58. *Salsman* v. *Frisch,* 276 Mass. 228. *Hannon* v. *Schwartz,* 304 Mass. 468. *Minkkinen* v. *Nyman,* 325 Mass. 92.

It follows that in the action against Berk the plaintiff's exceptions are sustained, the verdict entered under leave reserved is set aside, and the verdict returned by the jury is to stand. The exceptions taken by Berk and those taken by the plaintiff in the action against Byron are overruled.

*So ordered.*