ELEANOR SPACK *vs.* LONGWOOD APARTMENTS, INC.

Norfolk.    January 7, 1959. — February 5, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Landlord and Tenant,* Snow and ice, Common area, Contract of letting,
    Landlord's liability to tenant or one having his rights.  *Snow and Ice.*

Evidence merely that, before a child of a lessee of an apartment in an
    apartment building fell and was injured on a natural patch of ice on a
    common approach to the building, the owner's janitor had taken care
    of its common areas and had removed snow and ice therefrom did not
    in the circumstances show more than a gratuitous undertaking of the
    owner to remove snow and ice from the common areas and did not
    warrant a finding that the owner was liable to the child for ordinary
    negligence in failing to remove the patch of ice.

TORT.   Writ in the Superior Court dated February 3, 1956.
The action was tried before *Good, J.*

*Walter J. Hurley,* for the plaintiff.

*Edward F. Hennessey,* for the defendant.

SPALDING, J.   The plaintiff, a daughter of a tenant of the
defendant, was injured on March 8, 1955, as a result of a fall
on a patch of ice on the sidewalk in front of steps leading to
an apartment house owned by the defendant.   The ice was
on a "patch area" which was about an inch below the ma-
cadam on the sidewalk and was contiguous to the steps.
The apartment occupied by the plaintiff's father (herein-
after called Spack) was one of thirty-six apartments.   A
walk ran from the apartment house to a flight of stone
steps which in turn led to the sidewalk where the plaintiff
fell.   Spack, with whom the plaintiff lived, had been a ten-
ant in the apartment house for about six years prior to the
accident under leases.   On February 12, 1955, Spack en-
tered into a new lease with the defendant which was to com-
mence on April 1, 1955, and there was evidence that at the
time of the negotiations for the lease Spack complained to

one Widett, the defendant's treasurer, that such things as garbage removal, the cleaning of the hallways, and the removal of ice and snow had not been properly attended to, and he was reluctant to sign a new lease. But upon Widett's assurance that "I will take care of everything. I will have the place cleaned," Spack signed the lease. There was evidence that the defendant's janitor had always taken care of the "common areas" and that such care included the removal of ice and snow.

The case was submitted to the jury on two counts, 7 and 8. Count 7 was based on the defendant's obligation to remove ice and snow arising from an express contract; count 8 was based on an obligation arising from an implied contract. The jury returned a verdict for the defendant under count 7 and for the plaintiff under the eighth count, which was recorded under leave reserved. Thereafter, the judge entered a verdict for the defendant, subject to the plaintiff's exception.

There was no error.

The rights of the plaintiff to maintain her action are the same as those of her father, the tenant. *Nash* v. *Webber,* 204 Mass. 419, 421. The plaintiff properly concedes that in the absence of an express or implied agreement a lessor is under no obligation to remove natural accumulations of snow and ice on common passageways (*Miller* v. *Berk,* 328 Mass. 393, 396), and that a gratuitous undertaking by a lessor to remove ice and snow imposes no liability for ordinary negligence. *Bell* v. *Siegel,* 242 Mass. 380, 382. Relying on *Nash* v. *Webber,* 204 Mass. 419, the plaintiff contends that the lease together with the construction placed on it by the parties warranted a finding that the defendant had assumed the duty of removing snow and ice from the common approaches and passageways. There is nothing in the lease here comparable to the provision held to be of significance in *Nash* v. *Webber.* The only common feature with the *Nash* case is the evidence that the landlord had in the past removed snow and ice from the common areas. But this, without more, was not enough to give rise to a legal obligation

to do so. So far as appears what the defendant did was no more than a gratuitous undertaking. In this respect the case at bar more closely resembles *McNeill* v. *Home Sav. Bank,* 313 Mass. 664, than it does *Nash* v. *Webber.*

But the plaintiff also relies on the promise of Widett "to take care of everything." If we assume that this promise was a modification (founded on good consideration) of the existing lease the plaintiff, nevertheless, cannot prevail. Any obligation to remove ice and snow arising from this promise would be an express undertaking on the part of the defendant. But the jury in finding for the defendant on the seventh count (based on an express contract) necessarily found that there was no such undertaking. By reason of the jury's verdict liability founded on an express contract was out of the case. There remained, then, only the question whether the evidence would warrant a verdict on the basis of an implied obligation. For the reasons stated above, we hold that it would not.

It follows that the entry of the verdict for the defendant was proper. We do not reach the other questions argued.

*Exceptions overruled.*