MATHILDA CAIRNS *vs.* COSMOS H. GIUMENTARO & another.

Worcester. September 21, 1959. — November 5, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Landlord and Tenant,* Snow and ice, Common porch, Contract of letting, Landlord's liability to tenant or one having his rights. *Snow and Ice.*

Findings showing that a tenancy at will of an apartment in an apartment house under a contract of letting binding the owner to keep an outside entrance platform clear of snow and ice was terminated by a conveyance of the premises to a new owner and that a new tenancy was created between the tenant and the new owner, but not showing that there was any communication between the tenant and the new owner respecting snow and ice, or that the new owner knew of the former owner's obligation or himself assumed any obligation in that respect, did not justify a conclusion that the new tenancy was "on the same terms as the former tenancy," or that the new owner had any obligation to the tenant respecting snow and ice, or that he was liable to the tenant in an action of tort for personal injuries sustained by reason of snow and ice on the platform during the new tenancy.

TORT. Writ in the Superior Court dated November 1, 1956.

The action was tried before *Kirk,* J., who ordered verdicts for the defendants. The plaintiff alleged exceptions.

*Francis T. Mullin*, for the plaintiff.

*Francis P. O'Connor*, for the defendants.

COUNIHAN, J. This is an action of tort by a tenant. The defendants are husband and wife and the landlords of the plaintiff, who occupied a tenement on the third floor of a three family dwelling house numbered 13 Gilman Street, Worcester.

The plaintiff seeks to recover damages for injuries sustained on March 19, 1956, as the result of a fall on an outside platform at the rear entrance to a stairway leading to the tenement of the plaintiff, by reason of the presence of snow and ice on the platform.

The action was referred to an auditor, findings of facts not final. Among other matters he found that, when the relationship of landlord and tenant between these parties began, the defendants assumed an obligation to keep this platform clear of snow and to salt and sand it.

The conclusion of the auditor was predicated upon the following subsidiary facts found by him. The plaintiff on November 1, 1950, became a tenant of a Mrs. Horan who then was the owner of the building. The plaintiff agreed to pay $34.90 a month as rent, payable in advance on the first day of each month. In consideration of this Mrs. Horan agreed orally to keep the driveway to the garage clear of snow and the platform and steps leading from it clear of snow and ice and to salt and sand the platform and steps. During the period of her ownership Mrs. Horan fully carried out her agreement.

On February 3, 1956, Mrs. Horan sold the building to the defendants. Shortly thereafter she introduced the male defendant to the plaintiff as the new owner. Before March 1, 1956, when the plaintiff paid him $34.90, the rent for the month of March, he told her that she could stay as long as she wanted to because she was a good tenant. There was no other talk or any form of communication at any time between the plaintiff and the defendants relative to the plaintiff's tenancy.

In the report of the auditor the following appears: "8.

Upon the foregoing facts and the inferences to be drawn therefrom I find that the tenancy at will existing between the plaintiff and Mrs. Horan was terminated by the conveyance of the property to the defendants; and that a new tenancy at will was created between the plaintiff and the defendants *of* [*on?*] *the same terms as the former tenancy.* 9. *I find that the defendants failed to perform their obligation of clearing the platform and steps of snow and ice and sanding or salting the same and as a consequence the plaintiff was injured* [emphasis supplied]. I also find that the plaintiff was in the exercise of due care and not negligent." The auditor found for the plaintiff against the male defendant and assessed damages. All of the parties claimed a right to a jury trial and reserved the right to introduce evidence before the jury.

Before a jury was empanelled each defendant filed a motion to strike out the words in paragraph 8 "on the same terms as the former tenancy" and the first sentence of paragraph 9 of the auditor's report. ' The defendant Cosmos further filed a motion to strike out the finding and assessment of damages against him. These motions were allowed by the presiding judge over the exceptions of the plaintiff.

After a jury was empanelled the plaintiff introduced the auditor's report as deleted and rested. The defendants rested without introducing any evidence and filed motions for directed verdicts in their favor. These motions were allowed over the exceptions of the plaintiff. There was no error.

It is undoubtedly true as matter of fact that there was snow and ice on the platform which caused the plaintiff to fall and sustain injury and if Mrs. Horan had been the owner then the plaintiff could have recovered against her. But that tenancy terminated when Mrs. Horan sold the premises to the defendants and a new tenancy was created between the plaintiff and the defendants. *Stedfast* v. *Rebon Realty Co. Inc.* 333 Mass. 348, 350–351.

It is likewise true as matter of law that the relationship between landlord and tenant is contractual arising out of an

agreement express or implied. *Williams* v. *Seder*, 306 Mass. 134, 136. In the absence of an express or implied agreement a landlord is under no obligation to remove a natural accumulation of snow and ice on common passageways or steps. *Miller* v. *Berk*, 328 Mass. 393, 396. Cf. *Spack* v. *Longwood Apartments, Inc.* 338 Mass. 518, 519.

Although the auditor made a finding that on March 16, 1956, there was a snow fall of six and one half inches and the following day the snow was shovelled from the driveway, platform and steps, he expressly found that the evidence failed to disclose by whom this was done. There was likewise no evidence in the report nor any subsidiary findings that the defendants knew of the agreement between the plaintiff and Mrs. Horan or that they ever assumed an obligation to remove snow and ice from the platform, gratuitously or otherwise.

The finding of the auditor that a new tenancy at will was created between the plaintiff and the defendants on the same terms as the former tenancy is not supported by the subsidiary facts found by him. General Laws c. 221, § 56, provides in part that "the court . . . shall exclude any finding of fact which appears in the report to be based upon an erroneous opinion of law . . . ." It is plain that the findings which were struck by the judge were based upon an erroneous conception of law, for as we have said a landlord is under no obligation to remove snow and ice in the absence of an express or implied agreement to do so. There was no subsidiary finding that the landlords entered into any obligation similar to that which was in effect when Mrs. Horan owned the building.

The plaintiff relies upon *Miller* v. *Berk*, 328 Mass. 393, but that case is clearly distinguishable for the defendant landlord admitted that among the services he furnished to the tenant in return for the payment to him of rent was the removal of snow and ice from the exterior stairway. No such admission appears in the instant case.

The circumstances of the instant case are not similar to those where a tenant holds over after the termination of a

lease.   In such cases it has been held that the fair inference from the conduct of the parties is that they impliedly agree to a tenancy on the same terms and conditions as those of the prior tenancy.   *Benton* v. *Williams*, 202 Mass. 189, 192–193.   *Leavitt* v. *Maykel*, 203 Mass. 506, 510.

The action of the judge in striking out parts of the report was correct.   See *Papetti* v. *Alicandro*, 317 Mass. 382, 390.

When the report of the auditor, as deleted by the judge, was the only evidence before the jury the action of the judge in directing verdicts for the defendants was plainly right.

*Exceptions overruled.*