MARY WHEELER *vs.* BOSTON HOUSING AUTHORITY.

Suffolk.    October 5, 1960. — December 6, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Verdict with leave reserved. *Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Commencement of tenancy, Common area. *Negligence,* Invited person.

Following receipt of a verdict for the plaintiff under leave reserved pursuant to G. L. c. 231, § 120, it was irregular practice to allow a motion for the entry of "judgment" for the defendant, and the motion was treated as one for the entry of a verdict for the defendant and its allowance as an order therefor.    [511–512]

A new tenancy of a certain apartment in an apartment building of parents of a child injured by a fall into a stairwell in a common area maintained by the landlord of the building for the use of all the tenants commenced with the parents' occupancy of that apartment under a written lease executed about a year before the accident, although the parents had then been tenants of other apartments in the building for many years, and, where there had been no change in the condition of the

common area up to the time of the accident since the commencement of such new tenancy and there had been no direct invitation by the landlord to the child or her parents to use the common area, a conclusion that there was a breach of the landlord's duty to the child was not warranted.   [512–513]

TORT.   Writ in the Superior Court dated February 12, 1958.

The action was tried before *Gourdin, J.*

*John P. Donovan,* for the plaintiff.

*Andrew B. Goodspeed,* for the defendant.

WILLIAMS, J.   This is an action by a child to recover for personal injuries sustained on September 15, 1957, when she fell into a stair well of the defendant's apartment building at 20 Carmody Court, Boston, in which her parents were tenants.   The plaintiff was then three years old and lived with her parents in apartment 848 which they occupied under a written lease commencing August 1, 1956.   The lease was for the term of one month and provided for its automatic renewal for successive terms of one month until terminated by written notice.   The parents had been tenants in the building for seventeen years, first occupying apartment 842, later apartment 846, and then apartment 848. In the rear of the building were a court yard and a play area which with the adjacent stair well were maintained by the defendant landlord for the use of all the tenants.   About eleven years before the accident to the plaintiff the yard had been resurfaced with asphalt and its grade raised so that in some places it was level with the top of the wall of the stair well.   There was no change in the yard, play area, and stair well after the plaintiff's parents moved into apartment 848.   It does not appear how the plaintiff happened to fall into the stair well but it is conceded that she was properly on the premises in the right of her parents.

A verdict for the plaintiff was received by the judge under leave reserved (G. L. c. 231, § 120) and thereafter a motion for the entry of "judgment" for the defendant was allowed subject to the plaintiff's exception.   Except for an entry in the docket recording the allowance of the defend-

ant's motion there was no further entry regarding either verdict or judgment. The parties filed a consolidated bill of exceptions containing the exception of the plaintiff to the allowance of the said motion and exceptions of the defendant to rulings on evidence.

It was said in *Cunningham* v. *Boston & Maine R.R.* 309 Mass. 215, 216, that the practice of allowing such a motion was "irregular" since G. L. c. 231, § 120, refers to the entry of a verdict not of judgment. See *Couris* v. *Casco Amusement Corp.* 333 Mass. 740, 742. The case was not then ripe for judgment. As in *Perry* v. *Loew's Boston Theatres Co.* 291 Mass. 332, and *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592, where similar procedural errors were committed, we treat the motion as one for the entry of a verdict for the defendant and assume that its allowance was intended to be an order for the entry of such verdict. Such verdict should have been entered and the lack of an entry in the docket doubtless was a clerical error. See *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 462.

It is settled that the duty of the landlord to his tenants is to use reasonable care to keep the common areas, entrances and stairways in as good a condition as they were, or appeared to be, at the time of the letting. *Andrews* v. *Williamson,* 193 Mass. 92. *Conroy* v. *Maxwell,* 248 Mass. 92, 96. *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170, 172. *Goodman* v. *Smith,* 340 Mass. 336, 338. The same duty is owed to members of the tenants' families who live with them. *Coupe* v. *Platt,* 172 Mass. 458. *Silver* v. *Cushner,* 300 Mass. 583, 585. *Sneckner* v. *Feingold,* 314 Mass. 613, 614, and cases cited. A new letting to the plaintiff's parents commenced with their occupancy of apartment 848 under the lease of August 1, 1956. *Murray* v. *Lincoln,* 277 Mass. 557. *Griffin* v. *Rudnick,* 298 Mass. 82, 84. Thereafter there was no change in the construction or condition of the stair well and the adjoining area. Nothing in the evidence lends support to the contention of the plaintiff that the jury would have been warranted in finding that at the

time she was injured either she or her parents had been directly invited by the defendant to use the play area and stair well. See *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170, 173. Compare *Underhill* v. *Shactman,* 337 Mass. 730, 733–734.

This is a case where it is now appropriate to direct that judgment be entered for the defendant. G. L. c. 231, § 124. It is not necessary to consider its exceptions.

> *Plaintiff's exceptions overruled.*
> *Defendant's exceptions dismissed.*
> *Judgment for the defendant.*