JOHN F. KEENEY *vs.* BRUNO DiCICCO (and a companion case[1]). February 6, 1968. The issues at the trial of these actions for negligence were (1) whether the second floor platform of the outside wooden stairway where the plaintiffs were injured was part of a common stairway, (2) whether the landlord was negligent, and (3) causation. Without intimation of error otherwise we consider only the negligence issue since it may be dealt with briefly and is dispositive of the case. The defendant bought the premises on June 4, 1958; the plaintiffs' respective tenancies commenced the next week; the accident occurred on August 25, 1958. The plaintiffs rested on the auditor's original and supplemental reports. The judge, subject to exception, struck out the finding that the landlord was negligent "in that he failed to maintain the common passageway in the same condition as it was at the time of the letting" and allowed the defendant's motion for judgment on the auditor's report in each case. The finding struck, "based upon all of the [f]acts" found by the auditor, obviously was reached by the application of an erroneous standard

---

[1] The companion case was brought against the same defendant by Joseph Babic, who rented all the premises above the first floor from DiCicco and who rented to Keeney one of the rooms on the second floor. Babic died after trial in the Superior Court and the executor of his will was admitted to prosecute the action.

of care and was properly struck. G. L. c. 221, § 56. *Cairns* v. *Giumentaro*, 339 Mass. 675, 678. The correct standard, frequently repeated, is in *Sneckner* v. *Feingold*, 314 Mass. 613, 614, and cases cited. *Wheeler* v. *Boston Housing Authy.* 341 Mass. 510, 512. Application of the correct standard to all of the subsidiary facts viewed most favorably to the plaintiffs required the judge to order judgments for the defendant. The plaintiffs not only do not show what the condition was or appeared to be at the time of the letting, *Dias* v. *Woodrow*, 342 Mass. 218, 221, but also do not show that the defendant knew or should have known that a defective condition existed and had a reasonable opportunity to remedy the condition before the accident and failed to do so. *Berg* v. *Elder*, 290 Mass. 540, 542. *Shwartz* v. *Feinberg*, 306 Mass. 331, 333–334.                                                                   *Exceptions overruled.*

*Alphonse P. San Clemente* for the plaintiffs.
*Francis P. O'Connor* for the defendant.