Merrick, J.
This is an action to recover for personal injuries sustained in a fall on ice in a condominium common area. Plaintiff Nancy Smiglis, a tenant in a condominium unit, alleged that her fall resulted from defendant Olde Salem Village Condominium Trust’s (“the Trust”) negligence and breach of contract in failing to maintain the common areas. The plaintiff has appealed the allowance of the Trust’s Dist/Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment.
The Trust is the association of unit owners created pursuant to G.L.c. 183A to operate the buildings and common areas which comprise the Olde Salem Village Condominium. The plaintiff’s landlord was a unit owner and beneficiary of the Trust. The condominium declaration of trust and bylaws assign to the Trust both control over the common areas and the duty to maintain and repair them, and impose upon the unit owners the obligation to pay assessments for expenses incurred for such maintenance. The Trust included a sum for snow removal from common areas in its budget, and contracted with an outside company to provide such services on the basis of hourly rate charges for men and equipment. The Trust routinely arranged with the contractor for snow removal and for appropriate salting or sanding in the common areas, which include the exterior steps and landings to individual condominium units.
Viewed in the light most favorable to the plaintiff, Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 536 (1995); Monks v. Zoning Board of Appeals of Plymouth, 37 Mass. App. Ct. 685, 686 (1994), the evidence indicates that freezing rain on January 23, 1992 had resulted in the formation of ice by early morning. The Trust’s property manager conferred with the snow removal contractor, and both agreed that no services would be necessary. At approximately 10:00 AM., the plaintiff left the condominium unit she was renting, and slipped and fell on what she now concedes was a natural accumulation of ice on the exterior steps to her unit.
The trial court allowed the Trust’s motion for summary judgment which was predicated on the single assertion that, as a matter of law, the Trust owed the plaintiff no duty to remove a natural accumulation of ice from common areas.[1]
1. Claims relating to condominium common areas are to be brought against the association of unit owners which, in this case, is the Trust. G.L.c. 183A, §13. No Massachusetts authority has been called to our attention which defines the nature of a Trust’s duty with respect to common areas. Both parties argue, however, that *112 it is the duty of one in control of real property and particularly analogous to the duty of a landlord with regard to common areas. We agree.
It is true that in the absence of an express or implied agreement, a landlord (and hence, the Trust herein) is under no obligation to remove a natural accumulation of ice or snow. Barry v. Beverly Enterprises-Mass., Inc., 418 Mass. 590, 594 (1994). Neither is a landlord liable for ordinary negligence where he gratuitously undertakes such removal. Spack v. Longwood Apartments, Inc., 338 Mass. 518, 519 (1959). A landlord may, however, be found to have undertaken by contract a duty to keep steps clear from snow and ice and to be liable for the negligent performance of that duty. Miller v. Berk, 328 Mass. 393, 396 (1952); Nash v. Webber, 204 Mass. 419, 424-425 (1910).
In the absence of an express agreement to remove snow and ice, the existence of an implied contract to do so presents a question of fact. Miller v. Berk, supra at 396-397. Evidence of a practice of providing a janitor who “always” removed snow and ice, together with the landlord’s testimony that snow and ice removal were among the services he provided in exchange for rent, have been held sufficient to permit a finding of such an implied contract. Id. Similarly sufficient is evidence of an agreement to “keep neat and clean the common stairs” and a practice of removing snow after each snowfall. Nash v. Webber, supra at 424-425.
In the instant case, the condominium declaration and by-laws require the Trust to “maintain” the common areas. The Trust budgeted for snow and ice removal, regularly caused it to be done and assessed the unit owners for the cost. Those facts are at least sufficient to create a genuine issue of material fact as to the existence of an implied contract to remove natural accumulations of snow and ice from the condominium common areas. The plaintiff would enjoy the same rights under any such agreement as her lessor, the unit owner. Id. at 421; Miller v. Berk, supra at 397.
The allowance of the Trust’s motion for summary judgment is hereby reversed. This case is returned to the Salem Division for trial.
So ordered.

The Trust has not argued, either in its summary judgment motion or in its brief to this Division, that there was not at least an issue of fact as to whether the Trust negligently performed that duty, if such duty was owed.